WADE *et al. v.* STATE.

(*Nashville*, December Term, 1938.)

Opinion filed Feb. 18, 1939.

Nat F. Richardson, Jr., A. T. Levine, Jr., and Thos. M. Evans, all of Nashville, for plaintiffs in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice DeHaven delivered the opinion of the Court.

Plaintiffs in error, Jessie Wade and Boyd Cheatham, were indicted along with one Ben Franklin for the murder of John Wallace. On motion of plaintiffs in error they were granted a severance and upon their trial the verdict rendered by the jury was "that they find the defendants guilty of aiding and abetting in involuntary manslaughter and assess their punishment at confinement in the county workhouse for a period of eleven months and twenty-nine days."

Plaintiffs in error moved the court in arrest of judgment upon the ground that the verdict is void and a nullity and unknown to the law. The court overruled the motion in arrest and plaintiffs in error have appealed

250

to this court. The case is here on the technical record. The evidence heard on the trial of the case was not preserved by bill of exceptions and made a part of the record.

The sole question presented to the court is whether or not the verdict of the jury finding plaintiffs in error guilty "of aiding and abetting in involuntary manslaughter" is void. It is argued that there can be no such crime as aiding and abetting in involuntary manslaughter, for aiding and abetting presupposes an intent.

Section 10774 of the Code provides:

"*Manslaughter.*—Manslaughter is the unlawful killing of another without malice, either express or implied, which may be either voluntary upon a sudden heat, or involuntary, but in the commission of some unlawful act."

Involuntary manslaughter is where it plainly appears that neither death nor any bodily harm was intended, but death is accidentally caused by some unlawful act, or any act not strictly unlawful in itself, but done in an unlawful manner and without due caution, and where the death is the natural and probable consequence of such act. *Lee* v. *State,* 41 Tenn. (1 Cold.), 62; *Nelson* v. *State,* 65 Tenn. (6 Baxt.), 418; *Manier* v. *State,* 65 Tenn. (6 Baxt.), 595, 599; *Copeland* v. *State,* 154 Tenn., 7, 285 S. W., 565, 49 A. L. R., 605.

Section 10758 of the Code is as follows:

"*Aiders and abettors.*—All persons present, aiding and abetting, or ready and consenting to aid and abet, in any criminal offense, shall be deemed principal offenders; and punished as such."

Involuntary manslaughter necessarily negatives, of course, any intent on the part of the accused to kill

another, but does not negative an intent to do the unlawful act, or the act not strictly unlawful in itself, but done in an unlawful manner and without due caution. Hence, one may be an aider and abettor in involuntary manslaughter because of a common purpose to participate in the unlawful act the natural and probable result of which was to kill another. *Black* v. *State,* 103 Ohio, 434, 133 N. E., 795; *State* v. *Center,* 35 Vt., 378; *Story* v. *United States,* 57 App. D. C., 3, 16 F. (2d), 342, 53 A. L. R., 246; *Ex parte Liotard,* 47 Nev., 169, 217 P., 960, 30 A. L. R., 63.

The case of *Shorter* v. *State,* 147 Tenn., 355, 247 S. W., 985, relied on by counsel for plaintiffs in error, is not in point. In *Shorter* v. *State,* it was held that there is no such crime known to our law as an assault with intent to commit involuntary manslaughter. This holding is obviously sound, for with the element of intent present the assault could not have been involuntary.

▮▮▮ Plaintiffs in error were charged by the indictment with the crime of murder. Upon their trial, the jury could find them guilty of any lesser degree of homicide, including involuntary manslaughter. The jury convicted plaintiffs in error "of aiding and abetting in involuntary manslaughter." The words "of aiding and abetting in" may be rejected as surplusage; for, under Code, section 10758, aiders and abettors are deemed principals and punished as such. Surplusage, when the verdict is responsive to the indictment, will be rejected. *Wallace* v. *State,* 70 Tenn. (2 Lea), 29; *Wickham* v. *State,* 47 Tenn. (7 Cold.), 525, 531.

Our conclusion is that the judgment of the trial court must be affirmed.