Mickey **CANEDY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48321.

Court of Criminal Appeals of Texas.

April 10, 1974.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder; the punishment, life.

Appellant's court appointed attorney on appeal lists a number of possible issues which might be presented on appeal, but states that only one in his professional judgment might be meritoriously argued

and that is that "the evidence is insufficient to show intent on the appellant's part to kill the deceased."

Appellant's confession admitted after a Jackson v. Denno hearing,[1] omitting formal and introductory parts, reads as follows:

"Then I started back towards home. Then I stopped and thought about robbing somebody or stealing a car to ride around in. I saw a car sitting on a side street off Ross. I thought about stealing this car. I picked up a plastic jug from the car lot across the street from where the car was parked. I went to a gas station on Ross. Then I got the gas pump hose and emptied what gas was in the hose in the plastic jug. Then I took the plastic jug of gas and threw it into the car. Then I lit a match and threw the match in the car. Then I got scared and flagged a police car down and told him there [sic] there was a man in the car and the car was on fire."

In addition to the above we summarize the testimony of several police officers. Officer Reynderson testified that while on patrol on the night in question he observed smoke some three blocks away and as he and his partner Johnson approached, they were accosted by the appellant, who ran up to their patrol car and pointed at an automobile from which smoke was coming and said, "You've got to do something. I think there's somebody in it". When asked why he thought somebody was in the car, appellant said he thought he saw a human shape inside. When the fire was finally extinguished, the body of the deceased was recovered, and it was shown that he died from the burns.

Johnson testified that he asked the appellant at the scene if there was anybody in the burning automobile, and appellant replied that there was.

Thomason testified that while investigating the case he questioned the appellant's roommate in the appellant's presence. Thomason stated that during this questioning the roommate asked appellant if he had in fact burned the man up in the car and the appellant replied, "Yes, I did."

The evidence as stated is sufficient to authorize the jury to conclude that the appellant knew that there was a person in the automobile at the time he threw the gasoline therein and ignited the same.

Appellant's argument that there was no showing of ill will existing between the appellant and the deceased is best answered in the words of Judge Lattimore in Banks v. State, 85 Tex.Cr.R. 165, 211 S.W. 217, where he said:

"Of kindred spirit is he who can shoot in the darkness into houses, crowds, or trains and recklessly send into eternity those whom he does not know and against whom he has no sort of reason for directing his malevolence."

In another unusual case this Court in Cockrell v. State, 135 Tex.Cr.R. 218, 117 S.W.2d 1105, said:

"In other words, he was exhibiting such a high degree of recklessness and disregard of the rights of others in such actions that the jury were justified in inferring and implying malice to his acts."

See also Brewer v. State, 140 Tex.Cr.R. 9, 143 S.W.2d 599; Lyons v. State, 161 Tex.Cr.R. 237, 275 S.W.2d 816.

Judge Hawkins, speaking for the Court on rehearing in Whiteside v. State, 115 Tex.Cr.R. 274, 29 S.W.2d 399, said "a specific intent to kill is not in every case essential to support a conviction of murder." This quotation has been cited with approval as recently as Cole v. State, 157 Tex. Cr.R. 469, 250 S.W.2d 201. See also McDonald v. State, 259 S.W.2d 205, 159 Tex. Cr.R. 6.

Finding the evidence sufficient to support the jury's finding, the judgment is affirmed.

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.