Solomon Medrano GONZALES,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 50797.

Court of Criminal Appeals of Texas.

Feb. 4, 1976.

Nathan P. Hoffman, Court appointed on appeal, Victoria, for appellant.

Robert J. Seerden, Dist. Atty., Victoria, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction of attempted murder. The jury assessed an enhanced punishment of seventy-five years.

The sufficiency of the evidence concerning the appellant's intent is challenged.

On the night of August 25, 1974, appellant shot Paul Chavez, Jr., a five-year-old child. This occurred in the one room living section of a used furniture store in Victoria. Paul Chavez, Sr., the father of the victim, testified that immediately before the shooting he was lying on the bed talking on the phone and playing with three of his children. While Chavez was still on the phone, the appellant, whom Chavez had known for about eleven years, came to the front door of the living area, entered the room and pulled a small pistol from his pocket. Chavez told the appellant to put the pistol back in his pocket which the appellant did. Cha-

vez asked the appellant if the gun was real. The appellant answered, "No, look." At that point, Chavez got up and turned around to hang up the phone. When he turned, he saw the appellant shoot his son in the head. After firing the gun, the appellant said, "when I do something like this, I have to leave" and fled the building.

A little after 9:00 p. m. on the same evening, the appellant was arrested outside a club in Victoria for illegally carrying a gun on a licensed premise. He had attracted the attention of the club's security officers when they saw him get out of his car and go over to another car while talking loudly and waving his arms. In one hand he held a pistol. This pistol was later identified as the same one used in the Chavez shooting.

The driver who had been confronted by the appellant in the parking lot testified that the appellant appeared angry, but not crazy or drunk. The arresting officer testified that though the appellant may have been drinking, he was lucid enough to ask why he had been placed under arrest and to say that he did not have to be advised of his rights because he understood them.

The appellant testified that he had been drinking heavily before the incident and could not remember going to Paul Chavez's or taking part in a disturbance at a club. The appellant also testified that he had a five to six year history of epilepsy as a child and still suffered from periodic bouts with headaches.

■ The appellant argues that the evidence is insufficient to show that he had the mental capacity, culpability or intent to commit attempted murder. We find that there is sufficient evidence for a jury to reasonably conclude that the appellant was aware of the nature of his conduct and was aware that the shooting of a person in the head would, to a reasonable certainty, result in the death of that person. See *Canedy v. State,* 507 S.W.2d 743 (Tex.Cr.App. 1974); *Lombardo v. State,* 503 S.W.2d 780

(Tex.Cr.App.1974); *Lindsey v. State,* 501 S.W.2d 647 (Tex.Cr.App.1973); and V.T. C.A. Penal Code, Section 6.03.

He contends that the trial court erred in not appointing co-counsel or a different attorney in his case when the appellant expressed dissatisfaction with his appointed counsel. His complaint was made immediately before the selection of the jury.

▮ Article 26.04, V.A.C.C.P., requires that a trial court appoint one or more attorneys for the defense. A trial judge is under no duty to search for an attorney agreeable to the defendant. *Viges v. State,* 508 S.W.2d 76 (Tex.Cr.App.1974). This Court has also held that the right to counsel cannot be insisted upon in such a way as to obstruct the orderly administration of justice. *Rodriquez v. State,* 530 S.W.2d 944 (1975). The appellant's request came just before the trial and no showing was made of how the appellant did not receive adequate representation of counsel. The trial court did not err in refusing to grant the appellant's request for another attorney.

In his third ground of error, the appellant contends that the trial court erred in not submitting a charge on "attempted involuntary manslaughter." The jury was instructed as to the law of attempted murder and aggravated assault.

▮ The statute defines involuntary manslaughter as a reckless act. V.T.C.A., Penal Code, Section 19.05. For an offense to amount to a criminal attempt there must be a specific intent to commit the offense. V.T.C.A., Penal Code, Section 15.01(a), Criminal Attempt, provides:

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

Attempted involuntary manslaughter would be a contradiction in terms under the new penal code. Involuntary manslaughter negates any specific intent to kill. One cannot intend to "involuntarily" kill another.

We hold that the court did not err in refusing to submit a charge on "attempted involuntary manslaughter." There is no offense of "attempted involuntary manslaughter."

In grounds of error four through seven, the appellant complains of the admission into evidence of two photographs of the dwelling area taken soon after the shooting on the grounds that these exhibits were irrelevant, prejudicial and improperly authenticated. Before admission of the photographs, Paul Chavez, Sr., testified that the photographs were a true depiction of the room when the shooting occurred.

▮ Generally photographs showing the scene of a crime are admissible where a verbal description of the scene would be admissible. Such photographs help the jury understand the testimony given at the trial. *Sloan v. State,* 515 S.W.2d 913 (Tex.Cr.App. 1974); *Martin v. State,* 475 S.W.2d 265 (Tex.Cr.App.1972).

▮ It is enough that a witness of his personal knowledge identifies the photographs as an accurate portrayal of the facts. *Haas v. State,* 498 S.W.2d 206 (Tex. Cr.App.1973). Chavez's testimony was sufficient authentication in this case. The trial court did not err in admitting the two photographs.

▮ Appellant's grounds of error eight through ten deal with several remarks made by the prosecution. No objection was made concerning these arguments. None of the arguments were so prejudicial that any harm could not have been cured by instruction. Nothing is presented for review. *Arivette v. State,* 513 S.W.2d 857 (Tex.Cr.App.1974).

In ground of error eleven, appellant argues that the cumulative effect of the preceding ten errors was such that he was denied a fair and impartial trial. We hold that the arguments complained of in this case do not render the trial unfair.

In grounds of error twelve through fourteen, the appellant takes issue with the method used to prove a prior conviction for the purpose of enhancement. The district clerk of Victoria County testified concerning the appellant's conviction for burglary in Victoria County. The county's chief probation officer testified that the appellant was the same Solomon Gonzales, Jr., he had advised about probation restrictions while the appellant was on probation for the same burglary. No objection was made to this method of proof. Nothing is presented for review. See *Carter v. State,* 506 S.W.2d 876 (Tex.Cr.App.1974).

Finding no reversible error, the judgment is affirmed.