**Guadalupe MENDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55819.**

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 3, 1979.

Will Gray, Houston, court appointed on appeal only, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ned B. Morris, Asst. Dist. Attys., Houston, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

OPINION

DOUGLAS, Judge.

Guadalupe Mendez was indicted for murder. The court directed a verdict of acquittal on the murder charge and the jury found him guilty of the lesser included offense of involuntary manslaughter. Punishment was assessed by the court at five years.

Mendez appeals contending essentially that the law of parties does not apply to the offense of involuntary manslaughter. In this respect he challenges both the charge and the sufficiency of the evidence.

The conviction arises out of a senseless and tragic series of events which occurred in suburban Houston on July 30, 1974. Mendez, William Robinson and Alfred Fuschak were drinking beer when Robinson suggested they shoot Ray Richmond because he had dated Robinson's girl friend. Appellant got a shotgun, the other two got rifles. They drove to Richmond's parents' house where Richmond lived. Richmond was not home at the time. They shot up a car outside the Richmond house and fired at least eight shots at the house. The trio then drove to the house of Tommy DeArman, an acquaintance who was "tight" about lending his car, and shot up his car. As they left DeArman's house, Robinson shot his rifle randomly at several houses. One of these shots hit Rafael Martinez as he slept in bed next to his wife. Martinez was able to ask his wife to call an ambulance and managed to get to the dining room before he slumped against the wall and died. When the police arrived, they found Martinez and observed a trail of blood from his bed to the dining room.

Appellant's confession was introduced. He and Fuschak testified that they tried to talk Robinson out of the shooting spree and that appellant did not shoot at the houses. According to their testimony, they continued in the shooting spree after trying to get Robinson to stop.

Appellant contends that he could not, as a matter of law, be responsible for the actions of Robinson. He relies on the reasoning of *Gonzales v. State*, 532 S.W.2d 343 (Tex.Cr. App.1976). *Gonzales* held that our law did not provide for the offense of attempted involuntary manslaughter. The rationale of *Gonzales* was that attempt required a specific intent to commit a crime while involuntary manslaughter by definition, differs from other types of murders in its lack of specific intent. Thus, attempted involuntary manslaughter was a contradiction of terms.

Appellant argues from *Gonzales* that there can be no accomplice to an involuntary manslaughter. He contends that since the principal who commits an involuntary manslaughter does not act with a specific intent he cannot be assisted by another.

In other jurisdictions which have considered this precise question, there is a clear trend to hold the law of parties applicable to involuntary manslaughter. In *Wade v. State*, 174 Tenn. 248, 124 S.W.2d 710 (1939), the court had to decide if an individual could aid and abet in an involuntary manslaughter case. The court concluded:

> "Involuntary manslaughter necessarily negatives, of course, any intent on the part of the accused to kill another, but does not negative an intent to do the unlawful act, or the act not strictly unlawful in itself, but done in an unlawful manner and without due caution. Hence, one may be an aider and abettor in involuntary manslaughter because of a common purpose to participate in the unlawful act the natural and probable result of which was to kill another."

Similarly, in *Black v. State*, 103 Ohio St. 434, 133 N.E. 795 (1921), the court dealt with a situation where several police officers were engaged in target practice in a saloon, an act which was prohibited by statute. An innocent passerby was killed by one of the shots. The *Black* court sustained an involuntary manslaughter conviction and concluded:

> "[I]n such a case the act of each while engaged in the unlawful act becomes the act of all, not merely as to the unlawful act, but as to all the proximate results that naturally and logically follow therefrom."

Other cases which have held the law of parties applicable to involuntary manslaughter include: *State v. Dilorenzo*, 138 Conn. 281, 83 A.2d 479 (1951), and *Puckett v. State*, 144 Neb. 876, 15 N.W.2d 63 (1944).

While other jurisdictions have dealt with this question, it is one of first impression before this Court. We must first look to our statutes. The gist of our involuntary

manslaughter offense is reckless conduct. V.T.C.A., Penal Code, Section 19.05. An individual is criminally responsible for the acts of another if he acts "with intent to promote or assist the commission of the offense" and in so doing "solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." V.T.C.A., Penal Code, Section 7.02(a)(2).

In essence, *Gonzales* held that one individual cannot act with both a specific intent (to attempt) and without a specific intent (involuntary manslaughter) with respect to the commission of one crime. In the instant case we are dealing with three individuals. It is entirely possible to intentionally solicit or assist an individual in committing a reckless act. We hold that the law of parties does apply to the substantive offense of involuntary manslaughter.

In the case at bar the evidence reflects that all three individuals were drinking, armed themselves, shot up two cars and then Robinson shot randomly at houses killing the deceased. Considering this evidence in the light most favorable to the prosecution, we conclude the jury was free to believe that appellant's actions involved him as a party to the offense.

Mendez also urges, as part of his challenge to the sufficiency of the evidence, that portions of his confession were exculpatory and that the State failed to disprove the exculpatory portions. See *Richards v. State*, 511 S.W.2d 5 (Tex.Cr.App.1974); *Simon v. State*, 488 S.W.2d 439 (Tex.Cr.App. 1972). There are two statements in the confession where appellant states he tried to talk Robinson out of any further violence. After this second statement, Mendez admits that he helped shoot up the second car. Given this admitted further participation in the shooting spree, appellant's earlier statements cannot be characterized as exculpatory.

There is no reversible error. The judgment is affirmed.