

# The Attorney General of Texas

October 30, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Colonel James B. Adams
Director
Department of Public Safety
5805 N. Lamar
Austin, Texas 78773

Opinion No. MW-260

Re: Whether conviction of involuntary manslaughter results in automatic suspension of a driver's license

Dear Colonel Adams:

You ask whether article 6687b, V.T.C.S, requires the automatic suspension of a driver's license when the licensee is convicted of involuntary manslaughter under section 19.05 of the Penal Code. You have limited your inquiry to subsections (a)(1) and (a)(3) of section 24, article 6687b, V.T.C.S., which provide that:

> (a) The license of any person shall be automatically suspended upon final conviction of any of the following offenses:
>
> 1. Negligent homicide resulting from the operation of a motor vehicle;...
>
> 3. Any offense punishable as a felony under the motor vehicle laws of this State....

Acts 1941, 47th Leg., ch. 173, at 245. Section 19.05 of the Penal Code provides that:

> (a) A person commits an offense if he:
>
> (1) recklessly causes the death of an individual; or
>
> (2) by accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual.

Acts 1973, 63rd Leg., ch. 426, art. 2, §1, at 1123. An offense under this section constitutes a third degree felony.

The Texas Penal Code, which became effective January 1, 1974, was the product of a massive undertaking designed to overhaul and codify Texas

penal law.  Acts 1973, 63rd Leg., ch. 399, §1, at 883.  A significant accomplishment of the code is its clear expression of the mens rea concept in criminal homicide cases in terms of intentional, knowing, reckless, and criminally negligent conduct.  See Penal Code §§19.01-.07, 6.03.

    We first consider whether involuntary manslaughter constitutes an offense "punishable as a felony under the motor vehicle laws of this State."  V.T.C.S. art. 6687b, §24(a)(3).   Traffic regulations are contained in articles 6701d to 670m-2, V.T.C.S.  In 1971, the legislature added section 50A to article 6701d; on its face, section 50A duplicated the offense of involuntary manslaughter.  However, the legislature repealed that section in 1975, apparently because it intended that the Penal Code should deal with the entire subject of criminal homicide.  Acts 1975, 64th Leg., ch. 342, §16, at 918.  Our attention has not been directed to any current traffic regulation which provides that involuntary manslaughter constitutes a felony under state motor vehicle laws.   Thus, we conclude that involuntary manslaughter, while certainly a felony offense, is not an offense punishable as a felony "under the motor vehicle laws of this State."

    We next consider whether a driver's license may be suspended automatically pursuant to article 6687b, section 24(a)(1), upon conviction of involuntary manslaughter.   Sections 19.04 and 19.05 of the Penal Code deal, respectively, with voluntary and involuntary manslaughter.   Section 19.05(a)(1) provides that a person commits involuntary manslaughter if he "recklessly" causes the death of another (whether or not he was operating a motor vehicle); subsection (a)(2) thereof pertains to death resulting from a driver's accident or mistake while operating a motor vehicle while intoxicated.   An individual is considered "intoxicated" when he "does not have the normal use of his mental or physical faculties by reason of the voluntary introduction of any substance into his body."  Section 19.05(b) (Emphasis added).  The underlined language indicates that the legislature intended that the conduct specified in section 19.05(a)(2) should constitute recklessness per se.  See also Penal Code §6.03.

    It is clear, therefore, that in order to commit involuntary manslaughter, a person must act recklessly rather than negligently.  See Moore v. State, 574 S.W. 2d 122 (Tex. Crim. App. 1978); Mendez v. State, 575 S.W. 2d 36 (Tex. Crim. App. 1979); Brooks v. State, 548 S.W. 2d 680 (Tex. Crim. App. 1977); cf. section 19.07.  Article 6687b, section 24(a)(1) provides, however, that a driver's license may automatically be suspended upon final conviction of "negligent homicide resulting from the operation of a motor vehicle."  (Emphasis added).  While a literal construction of this provision yields the anomalous result that a license may automatically be suspended when a driver commits vehicular homicide with the least culpable of the four mental states prescribed in the Penal Code, but not when he acts intentionally, knowingly, or recklessly, we think this is a matter which the legislature, and not this office, should correct.  The relevant provisions of article 6687b, section 24 have not been amended since 1941, and thus do not take into account the many changes in the criminal law area brought about by the new Penal Code, which was enacted in 1973.  However, the legislature is the body which properly should effect a reconciliation between article 6687b, section 24, and the Penal Code.  We thus conclude that under the present state of the law, conviction

of involuntary manslaughter does not result in automatic suspension of a driver's license under article 6687b, section 24(a)(1).

It is important to note, however, that although involuntary manslaughter does not result in automatic suspension of a driver's license, it may well result in discretionary suspension of the license.  Article 6687b, section 22, provides, for example, that a license may be suspended upon proof, inter alia, that the driver has been responsible for an accident resulting in death or serious personal injury, is an habitual reckless or negligent driver, or is incapable of driving a motor vehicle.  Accordingly, assuming the required procedures are observed, a license may be suspended under the discretionary authority of the Department of Public Safety upon conviction of involuntary manslaughter even though it may not automatically be suspended.

### SUMMARY

Conviction of the offense of involuntary manslaughter does
not result in automatic suspension of a driver's license, but may
result in discretionary suspension of said license.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan Garrison, Acting Chairman
Jon Bible
Tom Bullington
Rick Gilpin
C. Robert Heath