**Ex parte Willie E. BUGGS.**

**No. 69070.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 2, 1983.

Curtis Mason, Huntsville, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

In this postconviction application for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P., applicant shows that on an indictment for the offense of attempted murder he was found guilty by a jury of the offense of attempted voluntary manslaughter. His sole contention is that the crime for which he was convicted "does not exist in that there cannot be a specific intent to commit voluntary manslaughter."

The indictment alleged that on the given date and in the stated place applicant did

"intentionally and knowingly *attempt* to cause the death of an individual, [naming him], by shooting him with a gun." [1]

That is to say that applicant, with specific intent to commit murder, did an act amounting to more than mere preparation that tended but failed to effect commission, namely, he shot the intended victim with a gun. V.T.C.A. Penal Code, §§ 19.02(a)(1) and 15.01(a).

The jury acquitted applicant of the offense of attempted murder, but went on to find that his acts and conduct constituted attempted voluntary manslaughter. That is, that applicant did intentionally and knowingly attempt to cause the death of the intended victim by shooting him with a gun, except that his attempt to cause death was under the immediate influence of sudden passion arising from an adequate cause. V.T.C.A. Penal Code, §§ 19.04 and 15.01(a).

Analogizing from *Gonzales v. State,* 532 S.W.2d 343 (Tex.Cr.App.1976), applicant asserts that a person "cannot have a specific intent to be 'under the immediate influence of sudden passion' 'directly caused by and arising out of provocation by the individual killed or another acting with the person killed' which passion arises at the time of the offense and which produced 'a degree of anger, rage, resentment or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.'" However, the analogy is flawed and his assertions are without merit.[2]

In *Gonzales v. State,* supra, the offense alleged was, and the jury found, attempted murder. The ground of error pertinent here contended that the trial court erred in not submitting a charge of "attempted *involuntary* manslaughter." The Court pointed out that § 19.05 "defines involuntary manslaughter as a reckless act," whereas § 15.01(a) requires that "there must be a specific intent to commit the offense" for alleged conduct to amount to a criminal attempt, and concluded:

"Attempted involuntary manslaughter would be a contradiction in terms under the new penal code. Involuntary manslaughter negates any specific intent to kill. One cannot intend to 'involuntarily' kill another. * * There is no offense of 'attempted involuntary manslaughter.'" *Id.,* at 345.

Patently *Gonzales* is inapposite. As shall be demonstrated, elements of voluntary manslaughter are consistent with that spe-

---

**1.** A sharply divided Court has held such an indictment is not fundamentally defective for failure to allege specific intent to commit an indicated offense, as V.T.C.A. Penal Code, § 15.01(a) seems to prescribe. *Telfair v. State,* 565 S.W.2d 522 (Tex.Cr.App.1978); *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr.App.1978); see *Hall v. State,* 640 S.W.2d 307 (Tex.Cr.App. 1982). We will proceed on the basis that using the word *"attempt"* sufficiently alleged *"specific intent"* to cause death. (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

**2.** The State characterizes applicant's argument as "word game gyrations," cautions us that to hold with applicant would "vitiate § 19.04" and

distinguishes *Gonzales v. State,* supra, by pointing out that "volitional requirements made a part of voluntary manslaughter are not made a part of involuntary manslaughter," which involves, germanely here, recklessly causing death. Though its response to application for writ of habeas corpus was filed July 22, 1982, the State does not mention a majority opinion adverse to its position: *Robinson v. State,* 630 S.W.2d 394, 401–403 (Tex.App.— San Antonio, 1982), discretionary petition to review which was refused by this Court May 19, 1982. On the other hand, neither has applicant cited *Robinson v. State,* supra, to support his claim for relief.

cies of murder denounced by § 19.02(a), on which the instant indictment is based: "intentionally or knowingly causes the death of an individual." Unlike involuntary manslaughter, one can intend voluntarily to kill another, albeit under the immediate influence of sudden passion contemplated by § 19.04.

As provided in § 19.04(a), "voluntary manslaughter is the same as murder 'except that he caused the death under the immediate influence of sudden passion arising from an adequate cause.'" *Braudrick v. State*, 572 S.W.2d 709, 710 (Tex.Cr.App.1978). That exceptional circumstance "is not an element of voluntary manslaughter, but is instead in the nature of a defense to murder that reduces that offense to voluntary manslaughter," *ibid.* and *Humphries v. State*, 615 S.W.2d 737, 738 (Tex.Cr.App. 1981); see *Cobarrubio v. State* (Tex.Cr.App., No. 63,801, delivered January 12, 1983). Thus, when a jury is properly charged on murder and on voluntary manslaughter, as a lesser included offense, it will be authorized to find an accused guilty of voluntary manslaughter if it believes from the evidence beyond a reasonable doubt that the accused

"did intentionally or knowingly cause the death of an individual, CD, by shooting him with a gun, but you further find and believe from the facts and circumstances in evidence in the case that the defendant, in killing the deceased, if he did, acted under the immediate influence of sudden passion arising from adequate cause, or if you have a reasonable doubt

as to whether he so acted under the immediate influence of a sudden passion arising from an adequate cause, then you will find the defendant guilty of voluntary manslaughter."[3]

It follows that when an indictment alleges *attempted* murder under §§ 19.02(a)(1) and 15.01(a), but there is evidence that the accused acted under the immediate influence of sudden passion arising from adequate cause, as defined by § 19.04(b) and (c), then *attempted* voluntary manslaughter becomes an issue in the case.[4] The intent to commit the substantive offense of murder remains an element of attempted voluntary manslaughter, but the attempt to cause death is generated by immediate influence of sudden passion caused by provocation from the intended victim. Accordingly we hold that in appropriate facts and circumstances attempted voluntary manslaughter constitutes a penal offense when it becomes a lesser included offense of attempted murder.

We need not, and do not, decide whether attempted voluntary manslaughter may be properly alleged as a primary offense, for that issue is not squarely presented in this cause. Nor was it directly before the Court of Appeals in *Robinson v. State*, supra, and that this Court refused to grant discretionary review means only that four judges were not persuaded by asserted reasons for doing so—probably in view of the finding in the majority opinion that "no evidence was raised that appellant acted under the immediate influence of sudden passion arising from adequate cause," 630 S.W.2d at 401, a

---

**3.** See *Cobarrubio v. State* and *Braudrick v. State*, both supra. In the latter, where the jury had been properly charged, the Court concluded:

"The jury in returning a verdict of guilty of voluntary manslaughter found all the statutory elements of murder were proven beyond a reasonable doubt, and further found a reasonable doubt on the defensive issue [to murder]."

*Id.*, at 711.

**4.** In *Morgan v. State*, 545 S.W.2d 811 (Tex.Cr. App.1977) the Court noted that the trial court charged the jury on the law of attempted murder, attempted voluntary manslaughter and other lesser offenses, but on appeal it was not

called on to determine any issue in that regard. The majority in *Robinson v. State*, supra, at 402, opined that "[n]othing in the opinion supports a conclusion that the offense exists simply because the accused was satisfied with a conviction on something less than attempted murder," *id.*, at 402. We agree that *Morgan* reflects little more than the judgment of an experienced trial judge in the premises. However, since the jury in *Morgan* found him guilty of attempted voluntary manslaughter, there may be some comfort in the notion that competent appellate counsel declined to contend their client had been convicted of a crime that does not exist.

finding with which the dissenting opinion agreed, *id.,* at 405.

The relief requested is denied.

TEAGUE, J., not participating.