NUMBER
13-03-127-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

EUGENIO FERNANDEZ
MENDEZ,                                                   Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 93rd
District Court

                                        of
Hidalgo County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








Appellant, Eugenio Fernandez Mendez, was convicted
of the offense of murder.  In two issues,
appellant appeals his conviction on grounds of ineffective assistance of
counsel and factual insufficiency.  We
affirm the judgment of the trial court.

I.  Facts and
Procedural History

Appellant and decedent Lydia Ramirez lived together
in Pharr, Texas.  According to the
testimony offered at trial, in the early morning hours of May 4, 2002, they
became engaged in a domestic dispute at their home.  During the argument, appellant took a razor
blade and started slashing his left forearm. 
Ramirez took the razor blade and held it to the side of appellant=s neck, telling him if he was going to kill himself
to Ado it right.@  Appellant
took back the razor blade and choked Ramirez with both hands until she appeared
to pass out.  He unsuccessfully attempted
to revive her.  Appellant left the home
to buy cigarettes, and upon returning, tried a second time to revive her.  When he realized Ramirez was not breathing,
appellant administered CPR.  Ramirez
failed to respond, so appellant left the home to find a police officer.  He found one in the neighboring city of
McAllen and told the officer that Ramirez was dead and he had choked her.  The officer called for an ambulance so that
appellant=s arm could be treated and alerted the Pharr
authorities, who found Ramirez=s body at the house. 
After medical treatment at the hospital, appellant made a statement to
the Pharr police and signed a written statement.








During the trial, appellant testified that he had
never previously attempted to hurt Ramirez. 
The State then introduced a phone conversation between Ramirez and her
sister from the summer of 2001.  In that
conversation, Ramirez allegedly told her sister that appellant had hit her and
attempted to choke her, and she was afraid he would kill her.  Defense counsel objected to this evidence as
hearsay, but the objection was overruled. 
On cross-examination, appellant denied that the incident referred to in
the phone conversation had occurred. Defense counsel did not request a limiting
instruction as to the jury=s proper use of this testimony.  The jury found appellant guilty of murder and
sentenced him to 99 years= imprisonment.

II. 
Ineffective Assistance of Counsel

In his first issue, appellant contends he received
ineffective assistance of counsel. 
Appellant argues counsel was ineffective because counsel failed (1) to
request a limiting instruction and a corresponding jury instruction on
reasonable doubt with respect to extraneous offenses introduced by the State,
(2) to make a rule 403 objection so that the court would consider whether the
information would be more prejudicial than probative, and (3) to seek
suppression of appellant=s signed statement by contesting whether he
voluntarily signed it.             The
Sixth Amendment guarantees the right to reasonably effective assistance by
counsel. U.S. Const. amend. VI.
The Sixth Amendment applies to state criminal prosecutions. Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001). 
To prevail on a claim of ineffective assistance of counsel, appellant
must establish that (1) counsel's performance failed to constitute reasonably
effective assistance by falling below an objective standard of reasonableness
under the prevailing professional norms, and (2) there is a reasonable
probability that, but for counsel's deficient performance, the result of the
proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 687 (1984); Bone v. State, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002). 
Allegations of ineffective assistance of counsel must be firmly founded
in the record.  Ex parte Nailor,
149 S.W.3d 125, 130 (Tex. Crim. App. 2004). 
Where the record is silent, we assume strategic motivation and sound
trial strategy unless counsel's conduct is so outrageous that no competent
attorney would have so acted.  Garcia,
57 S.W.3d at 440.








A. Failure to Request a Limiting Instruction

Appellant first argues that when the State
introduced the prior choking event in 2001, his counsel should have requested
(1) a limiting instruction as to the jury=s proper use of that information and (2) an
instruction that the jury should first find beyond a reasonable doubt that he
committed the act.  Appellant argues that
without such an instruction, the jury probably perceived that information as
direct evidence of guilt, increasing the likelihood of finding him guilty of
murder and not manslaughter.

Because the record is silent as to why the attorney
chose not to make the request, we must presume counsel was acting pursuant to a
reasonable trial strategy.  Id.  An attorney=s decision
not to request a limiting instruction has been recognized as valid trial
strategy, such as when counsel does not wish to draw attention to certain
testimony.  See, e.g., Garcia
v. State, 887 S.W.2d 862, 880 (Tex. Crim. App. 1994), overruled in part
by Hammock v. State, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001) (disavowing
any language in Garcia that requires objections as a prerequisite to
limiting instructions).  Appellant offers
no evidence that counsel's decision fell below an objective standard of
reasonableness under prevailing professional norms and therefore fails the
first prong of the Strickland test.

B. Failure to Raise a Rule 403 Objection








The trial court admitted testimony of the prior
choking over an objection based on rule 404(b). 
See Tex. R. Evid.
404(b) (requiring the State give reasonable notice in advance of trial of
intent to introduce extraneous offenses). 
Appellant argues his counsel should then have made an objection under
rule  403 seeking a balancing test to
determine whether the information was more prejudicial than probative.  See Tex.
R. Evid. 403; Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim.
App. 1997).  Again, appellant asserts
admission of the extraneous offense demonstrated ineffective assistance of counsel
and made it more likely that the jury would find he had intent to commit
murder.

The record does not reflect counsel's reasoning for
failing to object under rule 403, and thus appellant's ineffective assistance
claim is not sufficiently founded in the record and is presumed a sound
strategy.  See Garcia, 887 S.W.2d
at 880.  Furthermore, a trial court may
admit extraneous offense evidence to rebut a defensive theory.  Santellan, 939 S.W.2d at 168-69
(quoting Montgomery v. State, 810 S.W.2d 372, 387‑88 (Tex. Crim.
App. 1990) (op. on reh'g)). Given that appellant had previously testified in
his defense that he had never before choked his wife, he cannot show that the
court would have committed an error in overruling the objection if it had been
made.  Therefore, there is no reasonable
probability that, but for counsel's deficient performance, the jury finding
would have been different.  See
Strickland, 466 U.S. at 687; Bone, 77 S.W.3d at 833. 

C.  Failure to
File a Motion to Suppress

Appellant argues his attorney should have filed a
motion to suppress his statement to the police and was ineffective for failing
to do so.  Appellant claims he should
have attempted to suppress the statement by contesting whether it was truly
voluntary under Jackson v. Denno, 378 U.S. 368, 391 (1964), given that
appellant was exhausted, possibly medicated by the hospital, or otherwise
incapable of making any type of independent, informed, and meaningful decision
to confess. 








Counsel had in fact prepared a motion to suppress
the statement but withdrew it on the day of trial.  The record is silent as to why the defense
decided not to pursue this particular strategy, so we must presume there was
some sound strategy.  See Garcia,
57 S.W.3d at 440.  The record shows appellant
personally affirmed to the judge his abandonment of this motion, indicating he
was aware of it, had discussed it with his counsel, and agreed to withdraw
it.  The fact that another attorney may
have pursued a different strategy under the same circumstances does not prove
ineffective assistance of counsel.  Blott
v. State, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). 

We overrule appellant=s
first issue.

III.  Factual
Sufficiency

In his second issue, appellant contends the trial
evidence for his murder conviction was factually insufficient to prove the
requisite elements of intent or knowledge, and that the evidence supports
instead a conviction for manslaughter. 

A person is guilty of murder if he intentionally or
knowingly causes the death of an individual. 
Tex. Pen. Code Ann. ' 19.02(b)(1) (Vernon 2003).  A person acts knowingly when he is aware his
conduct is reasonably certain to cause the result.  Tex.
Pen. Code Ann. ' 6.03(b) (Vernon 2003).








In reviewing the factual sufficiency of the elements of the offense on
which the State carries the burden of proof, we impartially examine all of the
evidence and set aside the verdict only if "proof of guilt is so obviously
weak as to undermine confidence in the jury's determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by the contrary
proof."  Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000).  We
are not bound to view the evidence in the light most favorable to the verdict,
and may consider the testimony of all the witnesses.  Johnson, 23 S.W.3d at 10‑12.  In our factual sufficiency review, we are
again required to accord due deference to the jury's determinations on the
weight and credibility of the evidence and may not merely substitute our own
judgment. Johnson, 23 S.W.3d at 7. 
We also measure the factual sufficiency of the evidence by the elements
of the offense as defined by a hypothetically correct jury charge for the case.
 See Adi v. State, 94 S.W.3d 124,
131 (Tex. App.BCorpus Christi 2002, pet. ref'd).  The jury may accept or reject all or any part
of any witness's testimony.  Garza
v. State, 82 S.W.3d 791, 793 (Tex. App.BCorpus
Christi 2002, no pet.). 

During the trial, appellant testified that he merely
grabbed Ramirez by the throat and shook her two or three times, after which she
collapsed and he placed her on the bed. 
He insisted that he did not intend to kill her.  However, lack of a specific intent to kill
does not render the evidence for murder insufficient.  Canedy v. State, 507 S.W.2d 743, 744
(Tex. Crim. App. 1974).  The jury may
instead find murder if appellant acted with knowledge that death was a
reasonably certain result of choking her. 
See Tex. Pen. Code
Ann.  '' 6.03(b), 19.02(b)(1).

After reviewing the entire record, the essential
evidence may be distilled to the following: 
Before his arrest, appellant signed a statement that stated, AI started squeezing her throat and she was kicking
me and I kept on squeezing.@  The officer
who prepared the statement testified appellant read it back to two witnesses
before signing it.  Appellant admitted in
his testimony that he knew if he were to put his hands on someone=s neck and squeeze long enough, that act would cause
death.  The forensic pathologist who performed
the autopsy testified that the type of injuries he found on Ramirez were
consistent with a strangulation that would have taken an estimated two to three
minutes.








In light of the above evidence and lack of evidence
to the contrary, we conclude that the proof of guilt is not so obviously weak
as to undermine confidence in the jury's determination nor is the proof of
guilt greatly outweighed by contrary evidence. See Johnson, 23 S.W.3d at
7.  Accordingly, we conclude the evidence
is also factually sufficient to support the verdict.  Appellant's second issue is overruled.

IV. 
Conclusion

We affirm the judgment of the trial court.    

 

  

 

                                           

Rogelio Valdez,

Chief Justice

 

 

 

Do not publish. 

Tex. R. App. P. 47.2(b).

 

 

Memorandum Opinion
delivered and filed

this 4th
day of August, 2005.