Julian CANO, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–82–193–CR(T).

Court of Appeals of Texas,
Austin.

Dec. 14, 1983.

Roy E. Greenwood, Austin (court-appointed), for appellant.

Robert Huttash, State Pros. Atty., Alfred Walker, Asst. State's Atty., Austin, Jeffrey L. VanHorn, Criminal Dist. Atty., Lockhart, for appellee.

Before SHANNON, POWERS and GAMMAGE, JJ.

## ON MOTION FOR REHEARING

GAMMAGE, Justice.

Our prior opinion and judgment of September 21, 1983 is withdrawn and the following opinion is substituted therefor.

This is an appeal from a judgment of conviction for attempted voluntary manslaughter. Punishment, enhanced by a prior felony conviction, was assessed at 20 years' confinement in the Texas Department of Corrections.

Appellant raises 11 grounds of error, many of them overlapping, complaining of the wording of the charge, the selection of the jury, the admission of statements made by the alleged victim to a police officer, the sufficiency of the evidence, and the trial court's affirmative finding in the entry of judgment that a deadly weapon was used. This Court will affirm the judgment of conviction.

Testimony at trial indicated that on November 22, 1978, appellant accosted Matthew Walker inside a lounge in Lockhart. After bystanders restrained appellant, Matthew Walker left. Appellant followed him outside, pulled out a knife, and ran after him. Matthew Walker then took refuge in a bar across the street, called his parents' home, and told his wife what was happening. She told him that his father, Harold Walker, was coming to meet him and had instructed him to stay in the bar from which he was calling.

Harold Walker testified that when he arrived on the scene, he was approached by appellant and another man. He told the men that he and his son wanted no trouble, but only wanted to go home. Appellant responded by pulling a knife out of his pocket and running toward him. Harold, who was carrying a .38 pistol, fired several shots—the first at appellant's feet and then, as he kept advancing, in both legs. When appellant continued to advance, Harold shot him him in the stomach from a distance of approximately four feet. As appellant fell, he swung at Harold's head and neck with the knife. Harold put down his pistol and told his son to call the police and an ambulance. A bystander who witnessed the incident did not notice any knife or lunging movement.

Appellant's first three grounds of error pertain to the wording of the charge. Although the indictment alleges that appellant threatened Harold Walker with serious bodily injury "by slashing a knife towards the neck," the charge reads "by slashing him with a knife." Also, in the paragraph applying the law to the facts, the charge uses the word "kill" instead of the phrase "cause the death of." Appellant contends that these differences constitute fundamen-

tal error. Appellant made no objection to the charge at trial. In fact, the record indicates this charge was *requested* by appellant. Because the charge, as worded, was requested by appellant, any error in its form was invited and is therefore not reversible. *See, Stiles v. State,* 520 S.W.2d 894 (Tex.Cr.App.1975).

■ Appellant contends that the portion of the supplemental statement of facts indicating that this charge was requested is not properly before this Court, arguing that the trial court did not have the authority to hold the post-trial hearing on the requested charge. Appellant relies on *Lynch v. State,* 502 S.W.2d 740 (Tex.Cr.App.1973) and *Jones v. State,* 564 S.W.2d 718 (Tex.Cr.App.1978). Both of these cases are distinguishable from the instant case because they deal with a situation in which one party has failed to object to the record before it was approved by the court. Furthermore, both cases contemplate supplementation in order to either correct errors or present additional material. Also, both of these cases predate the 1981 amendment to Tex.Code Cr.P.Ann. art. 40.09(7) (Supp.1982) which includes the following provision:

> If the trial court deems that a supplemental record or any other modification of the record be necessary to make the record speak the truth, for any reason, with or without objections from the state or the defendant, and whether on the court's own motion or the motion of either party or by order of the court of appeals or the Court of Criminal Appeals, the defendant and the state shall be notified by certified or registered mail of same and be given five days from receipt of notice for objections to such modification or supplementation.

■ This provision has recently been interpreted as allowing the trial judge to hold a hearing in situations such as the one before us in which the record is silent as to the truth of what occurred at trial. *Jones v. State,* 644 S.W.2d 546 (Tex.App.1982), aff'd, 646 S.W.2d 449 (Tex.Cr.App.1983). We hold that the supplemental statement of facts is properly before us. Appellant's

grounds of error one, two, and three are overruled.

■ In his grounds of error four, five, and six appellant complains that the trial court erred in excusing three jurors not challenged for cause on the ground that they did not read and write English. Again, no objection was made. The law is well-settled that "failure to object to the improper exclusion of a venire-member waives that right and it cannot be considered on appeal." *Boulware v. State,* 542 S.W.2d 677, 683 (Tex.Cr.App.1976). While it is true that the trial court should not have excused prospective jurors without challenge except on grounds showing an absolute disqualification under Tex.Code Cr.P.Ann. arts. 35.16, 35.19 (Supp.1982), because no objection was made, no error is presented. *Moore v. State,* 542 S.W.2d 664 (Tex.Cr.App.1976).

None of the cases relied on by appellant involve the effect of a defendant's failure to object. *Payton v. State,* 572 S.W.2d 677 (Tex.Cr.App.1978), addresses itself to the consequences of a defendant making an objection. In neither *Pearce v. State,* 513 S.W.2d 539 (Tex.Cr.App.1974), nor *Culley v. State,* 505 S.W.2d 567 (Tex.Cr.App.1974), is there any indication of whether an objection was made. We find these authorities unpersuasive. Appellant's grounds of error four, five, and six are overruled.

In his seventh ground of error appellant complains that his constitutional rights of due process and equal protection were violated during the selection of the jury. Appellant states that seven of the forty-nine members of the jury panel had Mexican-American surnames. None of these people served on the jury. Three of them were, as discussed above, excused by the trial court because they could neither read nor write English. Another, Mrs. Guerrero, was excused because she stated that she had already started making up her mind about the defendant's guilt or innocence. A Mr. Rodriguez was excused because he told the court that his knowledge of appellant would affect his decision. Two more individuals were struck by the State by peremptory

challenges. Appellant made no objection to any of this. We will overrule appellant's ground of error for a number of reasons.

First, appellant argues that "where the Defendant is of Mexican-American extraction, the excusing of each and every Mexican-American venireman constitutes invidious discrimination against the appellant's right to due process and equal protection of the law." Appellant has made no showing that each and every Mexican-American venireman *was* excused. There is nothing in the record indicating the ethnic background of either the seven prospective jurors excused nor the jury as eventually chosen. Appellant bases his argument entirely on the names listed on the court's jury list. There were at least twenty-eight women on the panel. It is entirely possible that some of them were Mexican-Americans married to men of different ethnicity and bearing their husband's surnames. Furthermore, some of the jurors not among this excused group arguably have Mexican-American surnames. Given these possibilities, we find appellant's argument without merit.

Appellant next argues that the State's use of some of its peremptory challenges to exclude two Mexican-Americans from the jury shows an improper systematic exclusion of members of appellant's ethnic group. It has long been the rule that such action does *not* constitute systematic exclusion and that, in fact, to hold that it did would destroy our peremptory challenge practice, which is available to both the State and the defendant. *Evans v. State,* 622 S.W.2d 866 (Tex.Cr.App.1981); *Smith v. State,* 540 S.W.2d 693 (Tex.Cr.App.1976); *Ridley v. State,* 475 S.W.2d 769 (Tex.Cr.App.1972).

Even had appellant shown that each and every Mexican-American was systematically excluded from the jury, his failure to object would constitute a waiver of any error. It is well settled that even constitutional grounds must be preserved on appeal and may be waived by failure to object. *See Boulware, supra.*

Appellant contends that the failure to object to the excusal of these jurors cannot be considered a waiver of any error since appellant was represented by court-appointed counsel. Appellant represents that *Ex parte Ewing,* 570 S.W.2d 941 (Tex. Cr.App.1978), stands for this proposition. Actually, *Ewing* concerned the standard to be applied to retained counsel in determining the existence of state action in an ineffective assistance of counsel case. Given his serious misreading of *Ewing,* we find this portion of appellant's argument entirely unpersuasive. His seventh ground of error is overruled.

By his eighth ground of error appellant complains that the trial court erred in admitting testimony by a police officer regarding statements made to him by Harold Walker as he was trying to read Mr. Walker his *Miranda* rights at the scene. At trial, appellant objected to these statements on hearsay grounds, the State contended that they were *res gestae,* and the trial court overruled appellant's objection.

Declarations relating to the circumstances of a crime, made by the victim shortly after its occurrence, are sometimes admitted in evidence as exceptions to the hearsay rule upon the theory that the shock and excitement of the moment have produced an utterance that is spontaneous and sincere as distinguishable from one engendered by deliberation and design. The decisive factor is whether the the circumstances reasonably justify the conclusion that the remarks were not made under the impetus of reflection.

While the determination of whether or not a statement constitutes *res gestae* depends upon the facts of each case and must be determined by the trial court in the exercise of sound judicial discretion, three factors are necessary to bring a statement within this exception to the hearsay rule: (1) an occurrence sufficiently startling to produce a spontaneous and unreflecting statement; (2) absence of time to contrive, misrepresent, or fabricate; and (3) a relationship between the statement and

the circumstances of the occurrence. *See Martinez v. State,* 533 S.W.2d 20 (Tex.Cr. App.1976); 6 Wigmore Ev.3rd ed. § 1750 (1976).

Mr. Walker's statement was made to a police officer who was a quarter of a mile from the scene when he received the radio report, who responded immediately, reached the scene within two minutes, and upon arrival took Mr. Walker into custody and began apprising him of his rights. Matthew Walker testified that the police arrived within five to ten minutes after the shooting. The officer testified that Mr. Walker was "extremely anxious ... his hands were shaking, he couldn't stand still." Mr. Walker repeatedly told the officer "I didn't want to shoot him, I just wanted him to leave me alone" and similar comments.

█ The trial court's decision to admit Mr. Walker's statements is in accord with the three necessary *res gestae* factors. The occurrence as described by the Walkers—an unexpected and unprovoked attack upon father and son by a stranger wielding a knife—qualifies as startling, and the statement relates to the circumstances of the event. Both the declarant's emotional state and the time frame as described in the testimony of Matthew Walker and the policeman conform to other fact situations in which such testimony has been admitted. *Watson v. State,* 532 S.W.2d 619 (Tex.Cr. App.1976) (statement by victim made within 10 minutes of the crime); *Knox v. State,* 487 S.W.2d 322 (Tex.Cr.App.1972) (even though 15 minutes elapsed between victim's removal from assailant and her statement, there was no break or letdown in the continuity of the transaction to show that the statement was not spontaneous); *Mills v. State,* 626 S.W.2d 583 (Tex.App.1981, pet. ref'd 1982) (statement made to police officer at scene). Appellant's eighth ground of error is overruled.

█ In a letter brief referring to his ninth ground of error appellant argues that he could not be convicted because there is no offense of attempted voluntary manslaughter under Texas law. As pointed out above, the charge, including the paragraphs on attempted voluntary manslaughter, was requested by appellant. *See Robinson v. State,* 630 S.W.2d 394, 402 (Tex.App.1982, pet. ref'd) discussing *Morgan v. State,* 545 S.W.2d 811 (Tex.Cr.App.1977). Furthermore, the offense of attempted voluntary manslaughter does exist under the general attempt statute, Tex.Pen.Code Ann. § 15.01 (Supp.1982). That attempted voluntary manslaughter exists as a lesser included offense of attempted murder was settled in *Ex parte Buggs,* 644 S.W.2d 748 (Tex.Cr. App.1983). *See also Robinson, supra,* in footnote 12 at 402, clarifying *Ortiz v. State,* 577 S.W.2d 246 (Tex.Cr.App.1979); and McClung, Jury Charges for Texas Criminal Practice, at 25 (rev.'ed. 1983).

Under the same ground of error appellant also argues that the evidence is insufficient to sustain the verdict of guilty of attempted voluntary manslaughter because no intent to kill can be shown. This argument is based upon a premise that intent to kill can only be shown by proving use of a deadly weapon and the knife was not a deadly weapon per se. Appellant takes the position that "[s]ince no injuries were inflicted, it is impossible to ascertain from the facts that it was used in a manner calculated to produce death or serious bodily injury."

█ Appellant's analysis overlooks Tex.Pen.Code Ann. § 1.07(a)(11)(B) which defines a deadly weapon as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Thus, a defendant's intention to kill may be found when a weapon becomes deadly through its manner of intended use. Intent to kill is a question of fact to be determined by the jury from all the facts and circumstances in evidence. *Kincaid v. State,* 150 Tex.Cr.R. 45, 198 S.W.2d 899 (1946). The testimony of the Walkers as to appellant's actions supports the verdict and although their testimony conflicts in part with that of the bystander who did not observe a knife or lunging movement, the jury as fact finder may accept or reject any or all of the testimony and determine the weight to be given to it. *Baldwin v. State,* 538 S.W.2d 615 (Tex.Cr.App.1976).

Appellant's ninth ground of error is overruled. Consequently, his eleventh ground, urging again that the evidence is insufficient to show a deadly weapon was utilized, is also overruled.

In his ground of error number ten appellant complains of the trial court's formal judgment which reads in part:

> It is therefore considered and adjudged by the court that the Defendant Julian Cano is guilty of the offense of Attempt to Commit Voluntary Manslaughter . . . and that the Defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of said felony offense.

■ Appellant contends that this is an affirmative finding by the trial court in violation of Tex.Code Cr.P.Ann. art. 42.12 § 3f(a)(2) and that such a finding places serious restrictions on his ability to obtain probation and good time credit under Tex. Rev.Civ.Stat.Ann. art. 6184*l* (1970). Absent an affirmative or implied finding by the trier of fact, the entry by the trial court of an affirmative finding of use of a deadly weapon is improper. *Barecky v. State,* 639 S.W.2d 943 (Tex.Cr.App.1982).

■ In the case before us, however, appellant was indicted for attempted murder "by slashing a knife towards the neck" of the complainant, and the application paragraph submitted in the court's charge to the jury specifically required it to find that appellant attempted to kill the complainant "by slashing him with a knife, as set forth in the indictment." An allegation that a knife was used in an attempt to kill is an allegation that the knife is a deadly weapon. *Hart v. State,* 581 S.W.2d 675 (Tex.Cr. App.1979). Therefore, by implication the jury necessarily found as a fact that appellant intentionally or knowingly attempted to cause the death of the complainant by using a knife "that in the manner of its use or intended use [was] capable of causing death or serious bodily injury"—a "deadly weapon" as described in the definitions section of the court's charge. *See Chavez v. State,* 657 S.W.2d 146 (Tex.Cr.App.1983);

*Ex Parte Moser,* 602 S.W.2d 530 (Tex.Cr. App.1980); and *Hart v. State, supra.*

In other words, the jury found that appellant committed all the elements of the offense set out in the indictment and necessary for a guilty verdict under the court's charge—that he intentionally or knowingly attempted to cause the death of the complainant by use of a deadly weapon—but that he did so "under the immediate influence of sudden passion arising from an adequate cause," and was therefore guilty of the lesser included offense of attempted voluntary manslaughter and not attempted murder.

We believe the foregoing is sufficient to support the trial court's entry in its formal judgment of an affirmative finding of use of a deadly weapon. Appellant's tenth ground of error is overruled.

The judgment of the trial court is affirmed.