**John Lee McWHORTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–95–299CR.**

Court of Appeals of Texas, Beaumont.

Submitted Oct. 17, 1997.

Decided Dec. 10, 1997.

Randy Schaffer, Schaffer & Henley, Houston, for appellant.

John D. Kimbrough, Orange County Attorney, Troy Johnson, Assistant County Attorney, Orange, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

A jury found John Lee McWhorter guilty of capital murder. As the State did not seek the death penalty, a sentence of life in the Texas Department of Criminal Justice—Institutional Division was automatically imposed. *See* TEX. PENAL CODE ANN. § 12.31(a) (Vernon 1994). McWhorter brings three points of error.

■■■■ In his first point, McWhorter argues the evidence is insufficient to establish he had the specific intent to kill. The standard of review of the sufficiency of the evidence is whether, viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime charged. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard is applicable to both direct and circumstantial evidence cases. *Geesa v. State,* 820 S.W.2d 154 (Tex. Crim.App.1991). In our review of the legal sufficiency of the evidence, we must consider all the evidence the jury was permitted, properly or improperly, to consider. *Johnson v. State,* 871 S.W.2d 183, 186 (Tex.Crim. App.1993); *Rodriguez v. State,* 819 S.W.2d 871, 873 (Tex.Crim.App.1991).

The victim, Earnest Andress was found lying dead on the floor in his bedroom on November 12, 1993. His hands and knees were bound by electric cords tied to a bedpost. Officer Michael Stelly, the first officer to arrive at the scene, testified Andress was nude, with the exception of a coat partially over one arm and some clothes over his torso. Investigators discovered drag marks in blood throughout the home. Dr. Jody Nielson, a Forensic pathologist who performed the autopsy, testified Andress sustained many injuries. His nose was broken in multiple places, ten of his ribs had been fractured, his neck was broken and his Adam's apple was fractured. Dr. Nielson testified the cause of death was the broken neck and reasoned that all of the injuries

were consistent with blows from a fist or a foot.

Several days after Andress' death, officers interviewed McWhorter who denied any knowledge of or involvement in the murder. At that time, he had a small cut behind his hairline, which he said was caused when he was hit with a pipe during a drug transaction. He also had cuts and scratches on his knuckles which he said were caused by installing a transmission. Laurette Martin testified that McWhorter told her he had gone to Andress' home to "get some money," and Andress refused to let him in the house and tried to close the door which hit McWhorter in the head. According to Martin, McWhorter then pushed the door and entered the home. McWhorter asked Andress where his money was and Andress kept telling him it was under the stove. McWhorter could not find the stove so he kicked Andress. He then found money under a hot plate, took it, tied Andress up and left. McWhorter told Martin that after he kicked him, he thought Andress had a heart attack and died.

Earnest Bilnoski testified that one night in early November of 1993, he was at the home of a crack dealer, Michael Odell, when McWhorter came over to buy crack. Bilnoski overheard McWhorter tell Odell that the law might be looking for him because he had killed someone after "things got out of hand." The FBI crime lab determined the DNA in McWhorter's blood was consistent with the DNA in blood on chairs and floors in the kitchen and living room in Andress' home. One in 64,000 people in the white population has the same DNA profile as McWhorter.

█ In order to convict of capital murder, the evidence must show the defendant "intentionally cause the death" of the victim. *See Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Crim.App.1993). An accused's intent may be inferred from his acts, words, and conduct. *Beltran v. State*, 593 S.W.2d 688, 689 (Tex.Crim.App.1980); *Mouton v. State*, 923 S.W.2d 219, 223 (Tex.App.—Houston [14th Dist.] 1996, no pet.). Intent to kill is a question of fact to be determined by the jury from all the facts and circumstances in evidence. *Kincaid v. State*, 150 Tex.Crim. 45, 198 S.W.2d 899 (1946); *Cano v. State*, 663 S.W.2d 598, 603 (Tex.App.—Austin 1983, no pet.). The jury may infer an intent to kill

from any facts in evidence which, to their minds, prove the existence of an intent to kill. *Graham v. State*, 950 S.W.2d 724, 729 (Tex.App.—Beaumont 1997, pet. granted).

Considering the number of injuries Andress sustained, the severity of those injuries, the drag marks of blood in the home, the manner in which he died as well as McWhorter's incriminating statements, a rational jury could have found, beyond a reasonable doubt, that McWhorter possessed the required intent to commit the offense of capital murder. McWhorter's first point of error is overruled.

█ The second point of error, claims the evidence is insufficient to establish the corpus delicti of capital murder independent of McWhorter's extrajudicial admission. The indictment alleged, in pertinent part, that the murder occurred while McWhorter was "in the course of committing and attempting to commit the offense of Robbery of the said Earnest Andress." The State was required to prove, as stated in the application paragraph six of the jury charge, that McWhorter caused the death of Andress either "in the course of committting or attempting to commit the offense of Robbery...." McWhorter concedes the State established the corpus delicti of murder. He argues there was no competent evidence, independent of his extrajudicial admission to Martin, to demonstrate the murder occurred during the commission or attempted commission of a robbery.

█ The corpus delicti rule is that no criminal conviction can be based on a defendant's extrajudicial confession unless the confession is corroborated by independent evidence tending to establish the corpus delicti. *Emery v. State*, 881 S.W.2d 702, 705 (Tex. Crim.App.1994). In the capital murder context, an extrajudicial confession must be corroborated as to the murder and the underlying felony which elevated the murder to a capital offense. *Id.*; *Chambers v. State*, 866 S.W.2d 9, 15–16 (Tex.Crim.App.1993). In other words, the corpus delicti of both the murder and the underlying felony must be shown by evidence independent of the confession. The independent evidence need not connect the defendant to the crime; it need

only show that a crime was committed. *Emery*, 881 S.W.2d at 705. Such evidence need not be sufficient by itself to prove the offense; it need only be some evidence which renders the corpus delicti more probable than it would be without the evidence. *Id.*

The record reveals the State introduced independent evidence to corroborate McWhorter's extrajudicial confessions of robbery. McWhorter revealed to Martin that he had asked Andress where his money was and that Andress told him it was under the stove. McWhorter kicked him after finding there was no stove and eventually found money under a hot plate. Investigator Mark Ellis testified that he surveyed the crime scene. Although Andress kept his money in his house instead of a bank, no money was found in the home. According to Ellis, a hot plate was found on the kitchen table. There was no money in Andress' wallet found near his feet. His driver's license was located on the floor near his feet suggesting that it had been removed from the wallet. Andress' dresser drawers were pulled out and had been "gone through." His mattress was shifted and the bed covers had been tossed aside "as if the bed had been upturned to look underneath it." A night stand was overturned and there was blood on the outside and inside of a hanging bag in the closet. A refrigerator/freezer was pulled about a foot away from the wall and food from the refrigerator was found lying out. All of the kitchen cabinet doors were standing open. A seat cushion was removed from a chair in the living room and not replaced in the proper position. The entire home appeared to have been ransacked.

Even though the evidence does not conclusively show McWhorter actually robbed Andress, the evidence tends to show, or at the very least, makes it more probable than it would be without the evidence, that the murder occurred during the commission or attempted commission of a robbery. Consequently, the evidence adequately corroborates McWhorter's extrajudicial confessions. Point of error two is overruled.

In his final point of error, McWhorter alleges he was denied the effective assistance of counsel. He argues his lawyer should have objected to testimony that he refused to consent to a search of his person, that he used crack cocaine, that he beat his former girlfriend, that he had Ms. Martin work as a prostitute to make money for him, and that he was unemployed.

The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App.1986). McWhorter must show both (1) that counsel's performance was so deficient that he was not functioning as acceptable counsel under the sixth amendment, and (2) that but for the counsel's error, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. It is the defendant's burden to prove ineffective assistance of counsel. *Id.* The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* at 689, 104 S.Ct. at 2065.

There was no motion for new trial hearing in the instant case and therefore the record is silent as to why McWhorter's counsel failed to object in the complained of circumstances. To find trial counsel was ineffective based on any of the asserted grounds would call for speculation, which we will not do. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994); *Gamble v. State*, 916 S.W.2d 92, 93 (Tex.App.—Houston [1st Dist.] 1996, no pet.). Without testimony by trial counsel, we cannot meaningfully address his reasons for not objecting to the complained of evidence. Accordingly, we hold McWhorter has not satisfied the first prong of *Strickland*. *See Davis v. State*, 930 S.W.2d 765, 769 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). McWhorter has not rebutted the presumption that trial counsel made all significant decisions in the exercise of reasonable professional judgment. McWhorter's third point of error is overruled and the judgment of the trial court is affirmed.

AFFIRMED.