AFFIRMED; Opinion Filed June 21, 2000.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-99-00123-CR
No. 05-99-00124-CR

**CUTBERTO CARRENO CASTANEDA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause Nos. F98-52229-VK and F98-52230-VK**

# OPINION

Before Justices Ovard, Morris, and Wright
Opinion By Ovard

Cutberto Carreno Casteneda appeals his convictions for possessing four or more grams of cocaine with the intent to deliver and possessing 400 or more grams of heroin with the intent to deliver. After a single trial on both offenses, appellant was sentenced to 45 years imprisonment and a $10,000 fine for the cocaine offense and 75 years imprisonment and a $250,000 fine for the heroin offense. In one point of error, appellant contends he received ineffective assistance of counsel because his trial counsel: (1) waived his right to have the jury consider probation as a possible punishment; (2) failed to object when the trial court dismissed a potential juror *sua sponte*; and (3)

failed to preserve error when the trial court denied counsel's challenge for cause to a potential juror. Because we conclude appellant did not meet his burden of proving ineffective assistance, we affirm.

## Factual Background

Police officers executed a search warrant at appellant's apartment and discovered large amounts of heroin, cocaine, marijuana, and drug paraphernalia. Appellant was arrested at the scene.

## Standard of Review

To prevail on an ineffective assistance of counsel claim, appellant must prove by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness based upon prevailing norms and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *see also Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (holding that the same standard of review applies to all ineffective assistance challenges). We examine the totality of counsel's representation to determine whether appellant received effective assistance. *See Thompson*, 9 S.W.3d at 813. We do not judge counsel's strategic decisions in hindsight, and we strongly presume counsel's competence. *See id.* Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See id.* In most cases, a silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See id.* at 813-14.

## Ineffective Assistance of Counsel

Appellant first argues his trial counsel's representation was ineffective because counsel waived appellant's right to have the jury consider probation as a possible punishment. Specifically,

appellant contends trial counsel erred by filing an unsworn application for probation and by failing to produce any evidence at trial of appellant's eligibility for probation. Although appellant claims he was eligible for probation, there is no indication in the record that evidence of appellant's eligibility existed. Therefore, we cannot conclude trial counsel's failure to present such evidence was objectively unreasonable. *See Wilkerson v. State*, 726 S.W.2d 542, 550 (Tex. Crim. App. 1986); *Johnston v. State*, 959 S.W.2d 230, 236 (Tex. App.–Dallas 1997, no writ).

In addition, without evidence of appellant's eligibility, we cannot conclude trial counsel's failure to file a sworn application for probation constituted ineffective assistance. While appellant correctly argues probation is possible only when a sworn application is filed before trial, *see* TEX. CODE CRIM. PROC. ANN. art. 42.12 (Vernon Supp. 2000), there is no evidence in the record appellant was otherwise eligible for probation. Consequently, appellant has not established a reasonable probability that he would have received probation had trial counsel filed a sworn application. *See Thompson*, 9 S.W.3d at 813.

Next, appellant alleges his trial counsel's representation was ineffective because trial counsel failed to object when the trial court dismissed a prospective juror *sua sponte*. Assuming the trial court's action was error, the record is silent as to counsel's rationale for not objecting. Counsel may have had reason to believe the trial court's action was beneficial to appellant. Without trial counsel's testimony, we cannot meaningfully address counsel's reasoning or strategy. *See id.* at 814; *McWhorter v. State*, 957 S.W.2d 928, 931 (Tex. App.–Beaumont 1997, no pet.). Therefore, appellant has not established trial counsel's failure to object constituted objectively unreasonable performance. *See Thompson*, 9 S.W.3d at 814.

Finally, appellant claims trial counsel's representation was ineffective because counsel failed

to preserve error after the trial court denied a challenge for cause to a prospective juror. Appellant argues he was prejudiced because the vote of only one juror can prevent a conviction and another juror could have influenced the jury to impose a lesser sentence. However, even if appellant's trial counsel erred as appellant alleges, an assertion that error had some conceivable effect on the outcome of a case is not enough for us to conclude appellant suffered a prejudice. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). To prove prejudice, appellant must show from the record a reasonable probability that but for the error, the fact finder would have made different findings respecting his guilt or his sentence. *See id.* Appellant's assertion that a different juror may have influenced the jury to reach a different conclusion does not reach the level of a reasonable probability. Consequently, appellant has not established he was prejudiced by trial counsel's alleged failure to preserve for review the challenge for cause. *See id.*

We conclude appellant failed to prove he received ineffective assistance in any of the grounds asserted; therefore, we overrule his point of error. We affirm the trial court's judgment.

JOHN OVARD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

-4-



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CUTBERTO CARRENO CASTANEDA,
Appellant

No. 05-99-00123-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 4 of Dallas County, Texas. (Tr.Ct.No. F98-52229-VK).

Opinion delivered by Justice Ovard, Justices Morris and Wright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 21, 2000.

JOHN OVARD
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CUTBERTO CARRENO CASTANEDA,
Appellant

No. 05-99-00124-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No.
4 of Dallas County, Texas. (Tr.Ct.No. F98-
52230-VK).
Opinion delivered by Justice Ovard, Justices
Morris and Wright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 2I , 2000.

JOHN OVARD
JUSTICE