In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-063 CR


____________________



JAMES RANDALL FOSTER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 253rd District Court


Liberty County, Texas


Trial Cause No. 23,540






OPINION


 This is an appeal from a conviction for the offense of Murder. Following the jury's
verdict, punishment was assessed by the trial court at confinement in the Institutional
Division of the Texas Department of Criminal Justice for a term of forty-five (45) years. 
Two issues are raised in this appeal, viz: 

 Issue 1: The trial court erred in denying Appellant's Batson challenge at
voir dire.


 Issue 2: Appellant was denied effective assistance of counsel at trial.


 Issue one complains of improper use of peremptory challenges by the State based
upon both race and gender. At the outset, we note that appellant did not raise a gender
discrimination complaint with the trial court. A challenge to an opponent's peremptory
strikes grounded upon Batson (1) and its progeny is subject to principles of ordinary
procedural default. See Rosales v. State, 841 S.W.2d 368, 380 (Tex. Crim. App. 1992);
Matthews v. State, 768 S.W.2d 731, 733 (Tex. Crim. App. 1989). As such, the gender
discrimination portion of issue one is overruled. 

 In Purkett v. Elem, the United States Supreme Court employed a three-step process
to determine whether race-based peremptory strikes were exercised:

 (1) The opponent of a peremptory challenge must make out a prima facie
case of racial discrimination.


 (2) The burden then shifts to the proponent of the challenge to come forward
with a race-neutral explanation; and 


 (3) If a race-neutral explanation is tendered, the trial court must then decide
whether the opponent of the strike has proved purposeful racial
discrimination. 


Purkett v. Elem, 514 U.S. 765, 767, 115 S.Ct. 1769, 131 L.Ed.2d 834, 839 (1995). In
evaluating the race-neutrality of the proponent's explanation, an appellate court must
determine whether, assuming the reasons given are true, the use of the peremptory
challenge violated the Equal Protection Clause as a matter of law. Hernandez v. New
York, 500 U.S. 352, 359, 111 S.Ct. 1859, 114 L.Ed.2d 395, 405-06 (1991). A neutral
explanation means an explanation based on something other than the race of the juror. Id.
at 360, 114 L.Ed.2d at 406. At this step, the issue is the facial validity of the proponent's
explanation. "Unless a discriminatory intent is inherent in the prosecutor's explanation,
the reason offered will be deemed race neutral." Id. "The second step of this process
does not demand an explanation that is persuasive, or even plausible." Purkett, 514 U.S.
at 767-68, 131 L.Ed.2d at 839. Indeed, the answer can be silly, superstitious, fantastic,
or implausible and need not be even minimally persuasive. Id. at 768, 131 L.Ed.2d at
839. In the third step, the trial court determines whether the opponent of the strike has
carried his burden of proving purposeful discrimination. Id. 

 We review the record of a Batson hearing and voir dire examination in the light
most favorable to the trial court's ruling. Pondexter v. State, 942 S.W.2d 577, 581 (Tex.
Crim. App. 1996). A trial court's finding that peremptory challenges were not racially
motivated will be upheld on appeal so long as the finding is not "clearly erroneous." 
Whitsey v. State, 796 S.W.2d 707, 726 (Tex. Crim. App. 1989)(opinion on rehearing). 
Under the "clearly erroneous" standard, this Court may only reverse the trial court's
ruling if a review of the voir dire record, the State's explanations, the composition of the
jury panel, and the appellant's rebuttal and impeachment evidence leaves us with the
definite and firm conviction that a mistake has been made. See Hill v. State, 827 S.W.2d
860, 865 (Tex. Crim. App. 1992); Whitaker v. State, 977 S.W.2d 869, 874 (Tex. App.--Beaumont 1998, pet. ref'd). We accord great deference to the trial judge who was present
to assess the credibility of the prosecutor and his explanations. 

 In the instant case, the record reflects that the appellant was a black male, and that
the State struck the only three black males on the venire. These were Juror Nos. 4, 24,
and 25. The trial court requested the State to respond. The State responded with race-neutral explanations for each of the three venire-persons. Thereafter, appellant did not
attempt to cross-examine the State's attorney nor present any evidence to rebut or impeach
the State's attorney's explanations. Appellant merely provided oral argument attempting
to controvert the State's reasons. Appellant had the ultimate burden of persuasion to prove
to the trial court that discriminatory intent was inherent in the State's explanations. See
Ford v. State, 1 S.W.3d 691, 693-94 (Tex. Crim. App. 1999). In Ford, the reason
proffered by the State for its peremptory challenge of the venire-person in question was
shown to have been incorrect. Id. at 693. The Court in Ford noted that the defendant had
failed to cross-examine the prosecutor about the erroneous explanation and failed to
provide the trial court with any evidence rebutting the prosecutor's claim. Id. In finding
that the defendant ultimately failed in both his burden of production and burden of
persuasion, the Ford Court stated:

 All appellant has proven on appeal is that the reason given was incorrect;
this is not equal to proving that the reason given was a pretext for a racially
motivated strike. Oppositely, appellant has provided no evidence of a
racially motivated strike by the State. Therefore, appellant did not meet his
burden of persuasion to successfully challenge the State's peremptory strikes
at trial. 


Id. at 694. 

 In the instant case, we also find appellant failed in both his burden of production and
burden of persuasion. No purposeful racial discrimination was provided to the trial court. 
Thus, we do not find the trial court's denial of appellant's Batson challenge to be clearly
erroneous as we have no definite and firm conviction that a mistake was made. Whitaker,
977 S.W.2d at 874. Issue one is overruled.

 Issue two complains of ineffective assistance of trial counsel. The record before us
reflects the trial court signed the judgment on January 30, 2001. On that same day,
appellate counsel was appointed to represent appellant, and trial counsel allowed to
withdraw from the case. Appellate counsel filed no motion for new trial. Therefore, the
record before us on direct appeal is silent as to any trial strategies on the part of trial
counsel with regard to the various alleged deficiencies. In general, to obtain a reversal of
a conviction on the ground of ineffective assistance, an appellant must demonstrate that (1)
trial counsel's performance fell below an objective standard of reasonableness and (2) there
is a reasonable probability that, but for counsel's unprofessional error(s), the result of the
proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 690, 694,
104 S.Ct. 2052, 80 L.Ed.2d 674, 695, 698 (1984). In assessing a claim of ineffective
assistance, an appellate court "must indulge a strong presumption that counsel's conduct
[fell] within the wide range of reasonable professional assistance; that is, the [appellant]
must overcome the presumption that, under the circumstances, the challenged action might
be considered sound trial strategy." Id. at 689. (some punctuation omitted). 

 Texas courts have consistently adhered to the standard set out in Strickland. See
generally McFarland v. State, 928 S.W.2d 482 (Tex. Crim. App. 1996). "Any allegation
of ineffectiveness must be firmly founded in the record and the record must affirmatively
demonstrate the alleged ineffectiveness." Id. at 500. It is also recognized that counsel is
presumed to have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment. See id; see also Strickland, 466 U.S. at
690; 80 L.Ed.2d at 695. 

 In the instant case, we have carefully examined the trial record. The offense was
committed on or about January 3, 1989. However, it was not until January 8, 2001, that
the trial of appellant began. The State's case was strongly circumstantial against appellant. 
One of the more apparent trial strategies of trial counsel was to cross-examine State's
witnesses regarding their loss of memory as to the details of the events and circumstances
surrounding the victim's death, and the subsequent police investigation. This strategy was
no more skillfully implemented than with State's witness Robert Dunn, a former
investigator with the Liberty County Sheriff's Office. Trial counsel doggedly cross-examined Dunn about every aspect of the murder investigation, Dunn's lack of personal
knowledge of various aspects of the investigation handled by other detectives, and Dunn's
apparent lack of preparation as a witness at trial. Furthermore, trial counsel was able to
suppress an incriminating oral statement from appellant to Dunn. 

 With regard to most of the alleged deficiencies of trial counsel, appellant essentially
asks us to speculate as to reasonable trial strategy. This we have consistently refused to
do. See McWhorter v. State, 957 S.W.2d 928, 931 (Tex. App.--Beaumont 1997, no pet.);
Herbst v. State, 941 S.W.2d 371, 378 (Tex. App.--Beaumont 1997, no pet.); Ryan v.
State, 937 S.W.2d 93, 98 (Tex. App.--Beaumont 1996, pet. ref'd); Barker v. State, 935
S.W.2d 514, 519 (Tex. App.--Beaumont 1996, pet. ref'd). Indeed, as has been often
noted, no Texas court defines the right to effective counsel as the right to error-free
counsel. See Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990);
Hernandez v. State, 726 S.W.2d 53, 58 (Tex. Crim. App. 1986); Mercado v. State, 615
S.W.2d 225, 228 (Tex. Crim. App. 1981); Ex parte Burns, 601 S.W.2d 370, 372 (Tex.
Crim. App. 1980). One common thread in appellant's alleged deficiencies of trial counsel
is the "failure to investigate" various pieces of information first discovered during the
course of the trial. Yet, Strickland tells us that all of the standards for reviewing the issue
of ineffectiveness are applied by reviewing the totality of the representation, without
hindsight. Id. at 688-89, 695, 80 L.Ed.2d at 694, 698. See also Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999). 

 That a different trial strategy could have been undertaken is of no consequence
unless the "cold record" clearly confirms that no reasonable trial counsel could have made
such trial decisions. See Ryan, 937 S.W.2d at 98. In the instant case, we cannot say that
the alleged omissions by trial counsel were such that "no reasonable trial counsel" would
have acted similarly. The importance of providing an evidentiary basis for lack of trial
strategy was demonstrated in the recent case Ex parte Varelas, 45 S.W.3d 627 (Tex. Crim.
App. 2001). Varelas was convicted of capital murder and sentenced to death, and his
conviction and sentence were affirmed on direct review by the Court in the face of, inter
alia, a challenge to his trial counsel's effective assistance. Id. at 629, 632. The Court,
"in light of an otherwise silent record," held that Varelas failed to meet his burden under
Strickland. Id. at 632. 

 However, Varelas filed a post-conviction application for a writ of habeas corpus
pursuant to Tex. Code Crim. Proc. Ann. art 11.071(Vernon Supp. 2001). Included with
his petition was an affidavit from Varelas's trial counsel that frankly admits that the
omissions at trial were not the result of any trial strategy on trial counsel's part. Id. at
632. The Court of Criminal Appeals found trial counsel's affidavit admitted to deficient
performance in Varelas's defense, and later found prejudice as a result of this deficient
performance. Id. at 632, 636. The Court granted Varelas relief and ordered a new trial
for him. Id. at 636. 

 The instant case provides us with no such compelling evidence. We find that
appellant has failed to prove deficient performance by his trial counsel. Issue two is
overruled. The judgment and the sentence of the trial court are affirmed. 

 AFFIRMED.


 ________________________________

 RONALD L. WALKER

 Chief Justice 


Submitted on October 19, 2001

Opinion Delivered November 7, 2001

Do Not Publish 

Before Walker, C.J., Burgess and Gaultney, JJ.
1. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).