Affirmed and Memorandum Opinion filed October 21, 2008








Affirmed and Memorandum Opinion filed October 21, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00078-CR

____________

 

GREGORY WAYNE MCAFEE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 212th
District Court

Galveston County, Texas

Trial Court Cause No. 04CR1304

 



 

M E M O R A N D U M   O P I N I O N

Appellant Gregory Wayne McAfee challenges his conviction
for aggravated sexual assault of a child, claiming the trial court erred by (1)
improperly selecting and impaneling the alternate juror, (2) failing to
discharge the alternate juror before deliberations, (3) denying appellant=s motion for
mistrial on the basis of alleged juror prejudice, and (4) admitting a letter
written by appellant into evidence.  We affirm.

 








I. Factual and Procedural
Background

Appellant=s stepdaughter, the complainant, made
outcry statements to her aunt, describing sexual contact and sexual intercourse
with appellant when she was between the ages of ten and eleven years old.  The
aunt reported the child=s statements to authorities, who
investigated the child=s claims.  Appellant was charged with
aggravated sexual assault of a child, to which he pleaded Anot guilty.@

At a jury trial, the State presented testimony from the
child, the child=s aunt and mother, and authorities
involved in the investigation.  Appellant testified.  The jury found appellant
guilty as charged and assessed punishment at thirty years= confinement. 

II. Issues and Analysis

A.      Did the trial court err in improperly selecting the
alternate juror?

In his first issue, appellant claims that the trial court
erred in selecting the alternate juror in violation of article 33.011 of the
Texas Code of Criminal Procedure.  Appellant claims that two other venire
members should have been selected for the position of alternate juror, but
those two people were improperly excused by the trial court.  








Appellant has failed to preserve error.  See Tex. R. App. P. 33.1(a); Butler v.
State, 872 S.W.2d 227, 234 (Tex. Crim. App. 1994); Hovila v. State,
562 S.W.2d 243, 247 (Tex. Crim. App. 1978).  A>[F]ailure to
object to the improper exclusion of a venire-member waives that right and it
cannot be considered on appeal.=@  Cano v. State,
663 S.W.2d 598, 601 (Tex. App.CAustin 1983, no pet.) (quoting Boulware
v. State, 542 S.W.2d 677, 683 (Tex. Crim. App. 1976)).  Even if we were to
presume that the two potential alternate jurors were improperly excluded from
serving as the alternate juror, appellant raised no objections to the impaneled
jury or the selected alternate juror.  See Butler, 872 S.W.2d at 234. 
By failing to object to the impaneled jury and selected alternate juror ,
appellant waived any alleged error.  See id.; Hovila, 562 S.W.2d
at 247 (failing to voice objection at time prospective juror was excused by the
trial court sua sponte presents nothing for review); Cano, 663 S.W.2d at
601.  Though appellant acknowledges waiver under general appellate rules, in
that his complaint was not raised before the trial court, appellant argues that
the error was not known to his trial counsel at the time the jurors were
selected in order to lodge an objection.  According to appellant, as a result
of the trial court=s error, he was denied a lawfully
constituted jury panel, due process of law, and equal protection.  However,
appellant provides no legal authority to support his averment beyond this bald
assertion.  See Tex. R. App. P. 38.1(h). 
Therefore, we overrule appellant=s first issue.

B.      Did the trial court err in
failing to discharge the alternate juror before deliberations?

In his second issue, appellant complains that the alternate
juror was not discharged before the jury deliberated.  In neither the
guilt-innocence phase, the punishment phase, nor in appellant=s motion for new
trial did appellant raise this issue with the trial court.  Appellant raises
this complaint for the first time on appeal.  See Klapesky v. State, 256
S.W.3d 442, 452 (Tex. App.CAustin 2008, pet. ref=d).  Failure to
make a timely, specific objection at trial preserves nothing for appellate
review.  See Tex. R. App. P.
33.1(a); Klapesky, 256 S.W.3d at 452.[1] 
Therefore, we overrule appellant=s second issue.

C.      Did the trial court err in
denying appellant=s motions for mistrial on the basis
of potential juror bias or prejudice?








In his third issue, appellant complains the trial court
erred in denying appellant=s motions for mistrial when, twice in the
course of the proceedings, a juror informed the court of being familiar with
the child complainant or the child=s grandmother
through work with a school system.  Though appellant acknowledges he did not
question venire members during voir dire regarding their knowledge of the child
or the child=s grandmother, appellant claims the trial court should
have granted his motions when the juror=s potential
prejudice or bias was discovered.

During voir dire, neither the State nor appellant=s trial counsel
asked venire members whether they knew the child complainant or the grandmother
in this case.  Appellant=s trial counsel acknowledged as much when
she first moved for a mistrial, and appellant concedes as much on appeal,
stating in his appellate brief that both parties Afailed to inquire
during voir dire if any of the expected witnesses were known to the prospective
jurors.@[2]  During the trial
testimony of the complainant=s mother, a juror sent a note to the trial
judge, informing the court of her familiarity with the complainant=s grandmother
through a job at a school in 1999.  The juror indicated that this familiarity
would not influence her decision.  The State did not call the grandmother as a
witness.  Though appellant=s trial counsel moved for a mistrial, the
trial court denied this motion, and appellant=s trial counsel
did not request to question the juror further.  After the complainant=s trial testimony,
the same juror wrote a note informing the court that she worked at the same
school the complainant attended in 1999-2000; however, she indicated her
ability to remain fair and impartial.  Appellant=s trial counsel
did not request to question the juror.  Appellant moved for a mistrial the next
day, which the trial court denied.

We review the trial court=s decision to deny
a mistrial and to deny a new trial for an abuse of discretion.  Ladd v.
State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); Rent v. State, 982
S.W.2d 382, 384 (Tex. Crim. App. 1998).  








An accused in a criminal prosecution has the right to a
fair trial by an impartial jury.  Tex.
Const. art. I, ' 10.  When a juror withholds material
information in the voir-dire process without fault or lack of diligence
exercised by the complaining party, the parties are denied an opportunity to
exercise challenges, which hampers the selection of an impartial jury.  Franklin
v. State, 12 S.W.3d 473, 477B78 (Tex. Crim.
App. 2000); Armstrong v. State, 897 S.W.2d 361, 363 (Tex. Crim. App.
1995); Salazar v. State, 562 S.W.2d 480, 482 (Tex. Crim. App. 1978).  To
obtain a reversal on an allegation that a juror withheld information in voir
dire, appellant must show that material information was Awithheld@ despite due
diligence exercised by the complaining party who acted in good faith on the
answers given by a juror in voir dire.  See Frankin, 12 S.W.3d at 478 (A[M]ere familiarity
with a witness is not necessarily material information.@); De La Rosa
v. State, 658 S.W.2d 162, 164 (Tex. Crim. App. 1983); see also Brown v.
State, 183 S.W.3d 728, 737 (Tex. App.CHouston [1st
Dist.] 2005, pet. ref=d).  Information is considered to be Awithheld@ when the defense
counsel asked questions in voir dire that were calculated to uncover material
information, and the juror did not reveal the information.  Jones v. State,
596 S.W.2d 134, 137 (Tex. Crim. App. 1980), overruled on other grounds by
Sneed v. State, 670 S.W.2d 262, 267 n.7 (Tex. Crim. App. 1984).  An
appellant=s trial counsel must be diligent in eliciting
pertinent information from venire members during voir dire in an effort to
reveal prejudice or potential bias.  Gonzales v. State, 3 S.W.3d 915,
917 (Tex. Crim. App. 1999).  Unless the defense counsel asks such questions,
the material information that a juror fails to disclose is not Awithheld.@  Id.; Armstrong,
897 S.W.2d at 364.  No error exists when defense counsel has not met the
obligation of asking specific questions calculated to elicit information which
may be considered to indicate a juror=s inability to be
impartial or truthful.  Gonzales, 3 S.W.3d at 917.








In this case, appellant admits that neither the State nor
appellant=s trial counsel inquired as to whether the venire
members knew the complainant or the grandmother.  Appellant has not
demonstrated that the juror Awithheld@ information as
contemplated by Texas case law because appellant=s trial counsel
did not ask questions during voir dire that were calculated to reveal 
impartiality regarding whether the venire members knew the child complainant or
the child=s grandmother, who did not testify nor was a potential
witness.  See Gonzales, 3 S.W.3d at 917B18; see also
Franklin, 12 S.W.3d at 478 (emphasizing that juror withheld material
information in voir dire, even if unintentionally, Adue to no fault of
[appellant=s] own@ when appellant=s trial counsel
questioned the juror in voir dire about her familiarity with the complainant)
(emphasis in original).  Because appellant asked no such questions of the
venire members, the juror did not withhold such information so as to constitute
misconduct warranting a reversal.  See Gonzales, 3 S.W.3d at 917B18; Franklin,
12 S.W.3d at 478 (concluding that Abecause appellant acted
in voir dire on the answers given to him, he was deprived of the opportunity to
either challenge [the juror] for cause or peremptorily strike her.@).  Therefore, no
error occurred in this case because appellant=s trial counsel
did not ask specific questions to bring out information that may indicate a
juror=s impartiality nor
did appellant=s trial counsel ask follow-up questions after
uncovering the potential bias.  See Gonzales, 3 S.W.3d at 916B17.

Furthermore, appellant offers no legal authority beyond his
assertion that the trial court was obligated to Atake an active
approach to correct the problem at the time of its discovery.@ See Tex. R. App. P. 38.1(h).  Appellant
complains that the trial court erred in accepting the juror=s word, as written
in the notes, that her familiarity with the child complainant=s family would not
influence her decision or impact her ability to decide the case fairly and
impartially.  However, appellant has not presented a single argument or
citation in support of this assertion, nor has appellant addressed any of the
governing legal principles and applied them to the facts in this case, that his
trial counsel did not ask such questions during voir dire or seek to question
the juror after the juror acknowledged her familiarity.[3] 
See King v. State, 17 S.W.3d 7, 23 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).








Because appellant=s trial counsel
did not ask venire members questions calculated to elicit information regarding
the extent of their familiarity with the complainant=s family, the
information cannot be considered Awithheld@ under Texas case
law and no error has occurred.  See Gonzales, 3 S.W.3d at 917B18.  Therefore,
the trial court did not abuse its discretion in denying appellant=s motion for
mistrial.  See Gonzales, 3 S.W.3d at 917B18.  Accordingly,
we overrule appellant=s third issue.

D.      Did the trial court err in
admitting into evidence a letter written by appellant to the child complainant?

In his final issue, appellant complains that the trial
court erred in admitting into evidence a letter purportedly written by
appellant to the complainant because the letter allegedly was illegally
obtained.

To preserve a complaint for appellate review, a party must
make a timely request, objection, or motion with sufficient specificity to
apprise the trial court of the complaint.  Tex.
R. App. P. 33.1(a); Saldano v. State, 70 S.W.3d 873, 886B87 (Tex. Crim.
App. 2002).  Appellant has not cited, and we have not found any place in the
appellate record showing that appellant raised the issue of illegally obtained
evidence in the trial court.  At trial appellant objected to the letter on the
basis of authenticity because appellant claimed the State did not establish
that the letter was written by appellant.  Furthermore, appellant has failed to
preserve this complaint for review because his appellate contention does not
comport with his argument at trial.  See Tex. R. App. P. 33.1(a); Wilson v. State, 71 S.W.3d
346, 349 (Tex. Crim. App. 2002).  An objection grounded on one legal basis in
the trial court may not be used to support a different legal theory on appeal. 
Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  A reviewing
court will not consider errors, even of constitutional magnitude, not called to
the trial court=s attention.  Broxton v. State, 909
S.W.2d 912, 918 (Tex. Crim. App. 1995).  Therefore, we overrule appellant=s fourth issue.








The judgment of the trial court is
affirmed.

 

 

 

 

/s/      Kem Thompson
Frost

Justice

 

 

Judgment
rendered and Memorandum Opinion filed October 21, 2008.

Panel
consists of Justices Frost, Seymore, and Guzman.

Do
Not Publish C Tex. R. App.
P. 47.2(b).

 

 









[1]  In addition, our record does not indicate whether
the trial court dismissed the alternate juror before deliberations.  On this
silent record, we cannot presume that the trial court committed the alleged
error.





[2]  The record indicates that during voir dire,
appellant=s trial counsel asked venire members whether they knew
the named law enforcement officers involved in the case, a nurse, and the child=s mother.  However, neither party asked whether venire
members knew the complainant or her grandmother.





[3]  Appellant cites two cases for support that he was
denied a right to a fair and impartial jury because the trial court should have
questioned the juror upon discovery of the potential prejudice:  Franklin v.
State, 138 S.W.3d 351, 355 (Tex. Crim. App. 2004) and Castellanos v.
State, No. 13-01-023-CR, 2005 WL 1981519, at *3B4 (Tex. App.CCorpus
Christi Aug. 18, 2005, no pet.) (mem. op., not designated for publication). 
These two cases are factually distinguishable from the case at hand in that in
these cases, the appellants= respective
trial counsel questioned venire members about their familiarity with potential
witnesses and objected when the jurors withheld material information.  Franklin,
138 S.W.3d at 355; Castellanos, 2005 WL 1981519, at *3B4.